# Exhibit A-2

# INDEX OF DOCUMENTS FILED WITH STATE COURT

**Process, pleadings and orders in the 71st Judicial District Court of Harrison County, Texas**

| TAB | DATE | DESCRIPTION |
|---|---|---|
| 1. | 04/17/2017 | Civil case information sheet |
| 2. | 04/17/2017 | Letter to clerk requesting issuance of citation |
| 3. | 04/17/2017 | Civil Process Request Form |
| 4. | 04/17/2017 | Plaintiffs' Original Petition |
| 5. | 04/18/2017 | Citation to Schiff Hardin, LLP |
| 6. | 04/26/2017 | Affidavit of Service to Schiff Hardin, LLP |

Filed 4/17/2017 5 06 49 PM
Sherry Griffis
District Clerk
Harrison County, Texas
Angie Hayes
Deputy

# CIVIL CASE INFORMATION SHEET
## 17-0326

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____    COURT *(FOR CLERK USE ONLY)*: _____

STYLED Ironshore Europe DAC vs Schiff Hardin, LLP
(e.g., John Smith v All American Insurance Co, In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| | | Names of parties in case | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Jeffrey R. Parsons | Email: jparsons@pmmclaw.com | Plaintiff(s)/Petitioner(s): Ironshore Europe DAC | [X] Attorney for Plaintiff/Petitioner<br>[ ] Pro Se Plaintiff/Petitioner<br>[ ] Title IV-D Agency<br>[ ] Other: |
| Address: One Riverway, Ste 1800 | Telephone: 713-960-7315 | | Additional Parties in Child Support Case |
| City/State/Zip: Houston, TX 77056 | Fax: 713-960-7347 | Defendant(s)/Respondent(s): Schiff Hardin LLP | Custodial Parent: <br><br> Non-Custodial Parent: |
| Signature: s/Jeffrey R. Parsons | State Bar No: 15547200 | [Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>[ ] Consumer/DTPA<br>[ ] Debt/Contract<br>[ ] Fraud/Misrepresentation<br>[ ] Other Debt/Contract<br><br>*Foreclosure*<br>[ ] Home Equity—Expedited<br>[ ] Other Foreclosure<br>[ ] Franchise<br>[ ] Insurance<br>[ ] Landlord/Tenant<br>[ ] Non-Competition<br>[ ] Partnership<br>[ ] Other Contract | [ ] Assault/Battery<br>[ ] Construction<br>[ ] Defamation<br>*Malpractice*<br>[ ] Accounting<br>[ ] Legal<br>[ ] Medical<br>[ ] Other Professional Liability<br><br>[ ] Motor Vehicle Accident<br>[ ] Premises<br>*Product Liability*<br>[ ] Asbestos/Silica<br>[ ] Other Product Liability List Product<br><br>[X] Other Injury or Damage | [ ] Eminent Domain/ Condemnation<br>[ ] Partition<br>[ ] Quiet Title<br>[ ] Trespass to Try Title<br>[ ] Other Property<br><br>**Related to Criminal Matters**<br>[ ] Expunction<br>[ ] Judgment Nisi<br>[ ] Non-Disclosure<br>[ ] Seizure/Forfeiture<br>[ ] Writ of Habeas Corpus—Pre-indictment<br>[ ] Other: | [ ] Annulment<br>[ ] Declare Marriage Void<br>*Divorce*<br>[ ] With Children<br>[ ] No Children<br><br>**Other Family Law**<br>[ ] Enforce Foreign Judgment<br>[ ] Habeas Corpus<br>[ ] Name Change<br>[ ] Protective Order<br>[ ] Removal of Disabilities of Minority<br>[ ] Other | [ ] Enforcement<br>[ ] Modification—Custody<br>[ ] Modification—Other<br>**Title IV-D**<br>[ ] Enforcement/Modification<br>[ ] Paternity<br>[ ] Reciprocals (UIFSA)<br>[ ] Support Order<br><br>**Parent-Child Relationship**<br>[ ] Adoption/Adoption with Termination<br>[ ] Child Protection<br>[ ] Child Support<br>[ ] Custody or Visitation<br>[ ] Gestational Parenting<br>[ ] Grandparent Access<br>[ ] Parentage/Paternity<br>[ ] Termination of Parental Rights<br>[ ] Other Parent-Child |
| **Employment** | **Other Civil** | | | |
| [ ] Discrimination<br>[ ] Retaliation<br>[ ] Termination<br>[ ] Workers' Compensation<br>[ ] Other Employment | [ ] Administrative Appeal<br>[ ] Antitrust/Unfair Competition<br>[ ] Code Violations<br>[ ] Foreign Judgment<br>[ ] Intellectual Property | [ ] Lawyer Discipline<br>[ ] Perpetuate Testimony<br>[ ] Securities/Stock<br>[ ] Tortious Interference<br>[ ] Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| [ ] Tax Appraisal<br>[ ] Tax Delinquency<br>[ ] Other Tax | *Probate/Wills/Intestate Administration*<br>[ ] Dependent Administration<br>[ ] Independent Administration<br>[ ] Other Estate Proceedings | [ ] Guardianship—Adult<br>[ ] Guardianship—Minor<br>[ ] Mental Health<br>[ ] Other: | | |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
[ ] Appeal from Municipal or Justice Court    [ ] Declaratory Judgment    [ ] Prejudgment Remedy
[ ] Arbitration-related                        [ ] Garnishment              [ ] Protective Order
[ ] Attachment                                 [ ] Interpleader             [ ] Receiver
[ ] Bill of Review                             [ ] License                  [ ] Sequestration
[ ] Certiorari                                 [ ] Mandamus                 [ ] Temporary Restraining Order/Injunction
[ ] Class Action                               [ ] Post-judgment            [ ] Turnover

### 4. Indicate damages sought *(do not select if it is a family law case)*:
[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non monetary relief
[ ] Over $100,000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[X] Over $1,000,000

Rev 2/13

17-0326

Filed 4/17/2017 5:06:49 PM
Sherry Griffis
District Clerk
Harrison County, Texas

Angie Hayes
Deputy

# Parsons McEntire McCleary & Clark PLLC

One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

Jeffrey R. Parsons
Shareholder

Direct: (713) 960-7302
jparsons@pmmclaw.com

April 17, 2017

Sherry Griffis
Harrison County Courthouse
200 West Houston Suite 234
Marshall, Texas 75671
903-935-8409

*Via Court's E-File System*

Re:  Cause No. _____; *Ironshore Europe, DAC v. Schiff Hardin, LLP*; In the _____ District Court, Harrison County, Texas.

Dear Ms. Griffis:

Enclosed please find *Plaintiff's Original Petition by Ironshore Europe, DAC*, e-filed today in the above-referenced matter. Please issue citation to Defendant Schiff Hardin, LLP and send the citation, together with a file-stamped copy of Plaintiff's Original Petition, to our process servicer via mail to:

Kim Tindall & Associates
Attn: Karen Tenrod
16414 San Pedro, Ste 900
San Antonio, TX 78232

Thank you for your assistance in this matter. If you have any questions, please do not hesitate to contact me.

Yours very truly,

*/s/ Jeffrey R. Parsons*

Jeffrey R. Parsons

JRP/lmk
Enclosures

**CIVIL PROCESS REQUEST FORM**

Filed 4/17/2017 5:06:49 PM
Sherry Griffis
District Clerk
Harrison County, Texas
Angie Hayes
Deputy

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

CASE NUMBER: 17-0326                    CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): PLAINTIFF'S ORIGINAL PETITION

FILE DATE OF MOTION: _____
                     Month/   Day/   Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: SCHIFF HARDIN, LLP

   ADDRESS: _____

   AGENT, (if applicable): C/O Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP
- [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- [ ] MAIL
- [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
    Type of Publication:
    - [ ] COURTHOUSE DOOR, or
    - [ ] NEWSPAPER OF YOUR CHOICE: _____
- [X] OTHER, explain via mail to Process Server: Kim Tindall & Associates, Attn: Karen Tenrod, 164414 San Pedro, Ste. 900, San Antonio, TX 78232

**ATTENTION: Effective June1, 2010**

For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,

*******************************************************************

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP
- [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- [ ] MAIL
- [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
    Type of Publication:
    - [ ] COURTHOUSE DOOR, or
    - [ ] NEWSPAPER OF YOUR CHOICE: _____
- [ ] OTHER, explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: JEFFREY R. PARSONS                    TEXAS BAR NO./ID NO. 15547200

MAILING ADDRESS: One Riveryway, Suite 1800, Houston, TX 77056

PHONE NUMBER: 713  960-7315                 FAX NUMBER: 713  960-7347
              area code  phone number                   area code  fax number

EMAIL ADDRESS: jparsons@pmmclaw.com

Page 1 of 2
S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                          Rev. 5/7/10

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
\_\_\_\_\_ AMENDED PETITION
\_\_\_\_\_ SUPPLEMENTAL PETITION

COUNTERCLAIM
\_\_\_\_\_ AMENDED COUNTERCLAIM
\_\_\_\_\_ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
\_\_\_\_\_ AMENDED CROSS-ACTION
\_\_\_\_\_ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
\_\_\_\_\_ AMENDED THIRD-PARTY PETITION
\_\_\_\_\_ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
\_\_\_\_\_ AMENDED INTERVENTION
\_\_\_\_\_ SUPPLEMENTAL INTERVENTION

INTERPLEADER
\_\_\_\_\_ AMENDED INTERPLEADER
\_\_\_\_\_ SUPPLEMENTAL INTERPLEADER

INJUNCTION
MOTION TO MODIFY
SHOW CAUSE ORDER
TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
(specify)
MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Filed 4/17/2017 5:06:49 PM
Sherry Griffis
District Clerk
Harrison County, Texas
Angie Hayes
Deputy

CAUSE NO. 17-0326

| | | |
|---|---|---|
| IRONSHORE EUROPE DAC | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF | § | 71ST JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| SCHIFF HARDIN, LLP | § | |
| | § | HARRISON COUNTY, TEXAS |
| DEFENDANT | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff IRONSHORE EUROPE DAC, formerly known as Ironshore Europe Limited, ("Ironshore") files this Original Petition against Defendant SCHIFF HARDIN LLP ("Schiff") and as grounds respectfully shows the following:

## DISCOVERY PLAN AND RULE 47 STATEMENT

Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Ironshore states that discovery in this action should be in accordance with Discovery Control Plan Level 3. As required by Tex. R. Civ. P. 47, Ironshore states that: a) it asserts a cause of action against Schiff for negligent misrepresentation; b) the damages sought are within the jurisdictional limits of the court; c) Ironshore seeks monetary relief over $1,000,000; and, d) Ironshore demands judgment for all other relief as requested below.

## OVERVIEW

1.  This is a case of negligent misrepresentations by Schiff, a large national law firm, to Ironshore, an Irish insurance company, regarding an underlying lawsuit (the "Underlying Lawsuit").

2. In November 2014, Ironshore issued a liability insurance policy (the "Ironshore Policy") to a product manufacturer (the "Underlying Defendant"). In May 2015, the Underlying Lawsuit was filed in Harrison County against the Underlying Defendant, who retained Schiff to defend the Underlying Lawsuit.

3. In the course of its business, Schiff reported to Ironshore but negligently misrepresented that the Underlying Lawsuit did not present exposure to Ironshore and the Ironshore Policy. Ironshore justifiably relied upon Schiff's negligent misrepresentations and incurred substantial actual damages, when Schiff's misrepresentations proved to be false and misleading.

4. In this action, Ironshore seeks to recover its actual damages proximately caused by Schiff's negligent misrepresentations and other relief summarized below.

## PARTIES

5. Ironshore is an Irish insurance company, with its principal place of business in Dublin, Ireland.

6. Until recently, Schiff maintained an office in Texas. At all times relevant to this action, Schiff maintained an office in Texas and did business in Texas. Schiff continues to do business in Texas and maintains in Texas a registered agent for service of process. Schiff may be served with process in this action by serving citation upon its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218

## JURISDICTION AND VENUE

7. This Court has jurisdiction over all parties and all claims asserted by Ironshore herein. All claims are state law claims and Ironshore asserts no claim under federal law, rule or regulation. The amount in controversy is within the jurisdictional limits of this Court.

8. Venue is proper in Harrison County, Texas under Texas Civil Practice & Remedies Code, §15.002 (a)(1) because a substantial part of the events and omissions giving rise to this action occurred in this county.

## BACKGROUND FACTS

9. Schiff is a large national law firm with offices throughout the United States.

10. In November 2014, Ironshore issued the Ironshore Policy of liability insurance to the Underlying Defendant.

11. In May 2015, the mother of an injured minor child (the "Underlying Plaintiffs") filed the Underlying Lawsuit against the Underlying Defendant, alleging that the defendant failed to warn that its product was unreasonably dangerous, that the child was severely injured, and that Underlying Plaintiffs sought to recover damages for all their losses.

12. The Underlying Defendant hired Schiff to defend and represent it in connection with the Underlying Lawsuit. In 2015 and for most of 2016, Schiff proceeded to litigate the Lawsuit in this county.

13. In the course of Schiff's business, Schiff reported upon the Underlying Lawsuit to Ironshore and its claim manager located in London, England. Under Texas law, Schiff had the duty to use reasonable care in making such representations, reporting the whole truth without material omission. Schiff breached its duty.

14. Under the Ironshore Policy, the Insured had a large "Self-Insured Retention," meaning that an adverse judgment or settlement within the Self-Insured Retention would be the Insured's sole responsibility. Conversely, an adverse judgment or settlement above the Self-Insured Retention would present exposure to Ironshore and the Ironshore Policy.

15. While Ironshore had no obligation to defend the Underlying Defendant under the Ironshore Policy, the policy expressly provided that:

> [Ironshore] shall have the right and shall be given the opportunity to associate with the Insured . . . both in the defense and control of any Claim, suit or proceeding relative to any Occurrence where the Claim or suit involves, or appears reasonably likely to involve [Ironshore], in which event the Insured and [Ironshore] shall cooperate in all things in the defense of such Claim, suit or proceeding.

16. Ironshore justifiably relied upon Schiff to use reasonable care to report the whole truth, without material omission, concerning the Underlying Lawsuit - - so that Ironshore would be alerted if the Ironshore Policy was likely to be exposed and could then exercise its right to associate in the defense and control of the Underlying Lawsuit.

17. Beginning in October 2015, Schiff began its reporting to Ironshore. In the course of its reporting, Schiff negligently and falsely represented that the Underlying Lawsuit did not present exposure in excess of the Self-Insured Retention. Ironshore justifiably relied upon Schiff's reporting.

18. Yet, Schiff knew or should have known that the Underlying Lawsuit was extremely dangerous, that Schiff was recklessly gambling with the Ironshore Policy, and that Schiff's defense was heading toward shipwreck.

19. In March 2016, before a mediation of the Underlying Lawsuit, Schiff again misrepresented that the Lawsuit would not impact Ironshore's layer of insurance and made other misrepresentations concerning the Underlying Lawsuit.

20. In June 2016, with less than a week to trial, Schiff continued to provide favorable reports while omitting to disclose the true state of affairs. Remarkably, Schiff negligently failed to disclose an Order issued by the Court and devastating to Schiff's defense. The Order not only

denied Schiff's motion for summary judgment on punitive damages but also presaged the verdict that the jury would soon after return at trial:

> [Plaintiff] has cited evidence that serious spinal cord injuries were foreseeable to and foreseen by [the Insured] and a reasonable jury could conclude that this constituted an 'extreme degree of risk'. In sum, [Plaintiff] has cited specific and sufficient evidence such that at trial a reasonable jury could find by clear and convincing evidence that [the Insured] was grossly negligent.

21. Schiff also failed to disclose to Ironshore other damaging orders. By separate orders the Court denied Schiff's motion to exclude expert testimony and evidence that the minor plaintiff had suffered a traumatic brain injury and denied Schiff's motion to exclude evidence of post-accident conduct.

22. The Underlying Lawsuit proceeded to trial, and the jury rendered a multi-million dollar verdict against the Underlying Defendant, not only in excess of its Self-Insured Retention but also in excess of Ironshore's Policy Limits. To avoid a disastrous final judgment, the Underlying Insured was compelled to enter into a very large settlement with the Underlying Plaintiffs, and Ironshore was compelled to fund the vast majority of the settlement.

23. After trial, Ironshore learned that Schiff's failure to disclose information to Ironshore ran even deeper. Remarkably, before trial Schiff had received a settlement offer within the Self-Insured Retention, but in conscious disregard of Ironshore's rights and welfare, Schiff did not disclose the offer to Ironshore.

24. Had Schiff timely reported to Ironshore the true state of affairs, Ironshore could and would have effected a pre-trial settlement well within the Self-Insured Retention. Instead, Schiff heedlessly and recklessly gambled with the Ironshore Policy limits and proximately caused great damage to Ironshore.

25.   Schiff's misrepresentations were not merely negligent. They were grossly negligent. When viewed objectively from Schiff's standpoint, Schiff's false and misleading reporting, by commission and omission, involved an extreme degree of risk to Ironshore, considering the probability and magnitude of the potential harm to Ironshore. Despite Schiff's actual awareness of the risks involved, it provided false, misleading and omission laden reporting with conscious indifference to the rights and welfare of Ironshore. Accordingly, Ironshore seeks to recover an award of exemplary damages against Schiff, in an amount equal to two times the economic damages sustained by Ironshore.

## CAUSES OF ACTION AND CLAIMS FOR RELIEF

26.   Ironshore hereby incorporates the matters previously asserted in paragraphs 1 through 26.

27.   ***Cause of Action for Negligent Misrepresentation.*** Ironshore hereby asserts a negligent misrepresentation cause of action against Schiff.

28.   Ironshore will show that:

   a) Schiff made misrepresentations to Ironshore in the course of Schiff's business;

   b) Schiff's misrepresentations supplied false information for the guidance of Ironshore;

   c) Schiff did not exercise reasonable care in communicating the information to Ironshore;

   d) Ironshore justifiably relied on Schiff's misrepresentations; and,

   e) Schiff's negligent misrepresentations proximately caused actual damages to Ironshore.

29.   ***Gross Negligence and Exemplary Damages.*** Further, Ironshore will show that Schiff was grossly negligent, entitling Ironshore to recover exemplary damages up to twice the amount of Ironshore's economic damages.

30.   ***Relief Requested.*** Accordingly, in this action Ironshore seeks to recover a judgment against Schiff awarding Ironshore all of its actual damages, exemplary damages up to twice the

economic losses of Ironshore, pre-judgment and post-judgment interest at the legal rate, and all other and further relief as may be just and necessary.

### JURY DEMAND

31. Ironshore requests a trial by jury, and it has timely paid the required jury fee.

### REQUEST FOR DISCLOSURE

32. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Ironshore requests that within fifty (50) days of service of this request, Schiff make the required disclosures of all information and materials described in Rule 194.2 (a)-(l) of the Texas Rules of Civil Procedure.

### DEMAND FOR RELIEF AND JUDGMENT

WHEREFORE, PREMISES CONSIDERED, Ironshore prays that citation be issued requiring Schiff to appear and answer herein, that this cause be set down for trial before a jury, that Ironshore recover judgment against Schiff for actual damages, exemplary damages, prejudgment and post judgment interest permitted by law, costs of court, and any other and further relief to which Ironshore may be justly entitled.

Respectfully submitted,

PARSONS MCENTIRE MCCLEARY & CLARK PLLC

*/s/ Sawnie A. McEntire*
Sawnie A. McEntire
State Bar No.13590100
smcentire@pmmclaw.com

1700 Pacific Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

7

AND

Jeffrey R. Parsons
State Bar No. 15547200
jparsons@pmmclaw.com

Angela R. Webster
State Bar No. 24066009
awebster@pmmclaw.com

One Riverway, Suite 1800
Houston, TX 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

**ATTORNEYS FOR PLAINTIFF,
IRONSHORE EUROPE DAC**

3007225



CAUSE NO: 17-0326

**IRONSHORE EUROPE DAC**

VS

**SCHIFF HARDIN, LLP**

IN THE 71ST JUDICIAL DISTRICT COURT
OF HARRISON COUNTY, TEXAS

## CITATION

TO: **THE SHERIFF OR ANY CONSTABLE OF TEXAS**
    **OR ANY OTHER AUTHORIZED PERSON**

THE STATE OF TEXAS
COUNTY OF HARRISON

SCHIFF HARDIN, LLP; REGISTERED AGENT
CORPORATION SERVICE COMPANY D/B/A
CSC-LAWYERS INCORPORATING SERVICE CO.
211 E. 7TH STREET, SUITE 620
AUSTIN, TEXAS 78701-3218
OR WHEREVER HE/SHE MAYBE FOUND

Attached is a copy of **PLAINTIFF'S ORIGINAL PETITION**. This instrument was filed on **17TH DAY APRIL, 2017**, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING.
This citation is issued on this **18TH DAY OF APRIL 2017**, under my hand and seal of said Court.

SEAL

Sherry Griffis
Harrison County, Texas
Harrison County Courthouse
200 W. Houston St., Suite 234
Marshall, Texas 75670
BY _____

Issued at the request of
JEFFREY R. PARSONS
ONE RIVERWAY, STE. 1800
HOUSTON, TEXAS 77056

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.m., on the _____ day of _____, 20__.

Executed at _____ in _____ County at _____ o'clock ___.m. on the _____ day of _____, 20__, by delivering to _____
defendant, in person, a true copy of this citation together with the accompanying copy of the petition attached thereto and I endorsed on said copy of the citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20__.
    Fee $____

_____
_____ of _____County, Texas

by_____deputy    Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON _____, 20__.

**ORIGINAL**

CAUSE NO. 17-0326

Filed 4/26/2017 3:57:35 PM
Sherry Griffis
District Clerk
Harrison County, Texas
Angie Hayes
Deputy

IN THE 71ST JUDICIAL DISTRICT COURT
OF HARRISON COUNTY, TEXAS

IRONSHORE EUROPE DAC

VS

SCHIFF HARDIN, LLP

## CITATION

TO: <u>THE SHERIFF OR ANY CONSTABLE OF TEXAS</u>
<u>OR ANY OTHER AUTHORIZED PERSON</u>

THE STATE OF TEXAS
COUNTY OF HARRISON

SCHIFF HARDIN, LLP; REGISTERED AGENT
CORPORATION SERVICE COMPANY D/B/A
CSC-LAWYERS INCORPORATING SERVICE CO.
211 E. 7TH STREET, SUITE 620
AUSTIN, TEXAS 78701-3218
OR WHEREVER HE/SHE MAYBE FOUND

**AFFIDAVIT ATTACHED**

Attached is a copy of **PLAINTIFF'S ORIGINAL PETITION.** This instrument was filed on **17TH DAY APRIL, 2017,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING.
This citation is issued on this **18TH DAY OF APRIL 2017,** under my hand and seal of said Court.

SEAL

**AFFIDAVIT ATTACHED**

Sherry Griffis
Harrison County, Texas
Harrison County Courthouse
200 W. Houston St., Suite 234
Marshall, Texas 75670
BY _Angie Hayes_

Issued at the request of
JEFFREY R. PARSONS
ONE RIVERWAY, STE. 1800
HOUSTON, TEXAS 77056

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.m., on the _____ day of _____, 20___.

Executed at _____ in _____ County at _____ o'clock ___.m. on the _____ day of _____, 20___, by delivering to _____ defendant, in person, a true copy of this citation together with the accompanying copy of the petition attached thereto and I endorsed on said copy of the citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20___.
Fee $ _130.00_

_____ of _____ County, Texas

by _____ deputy    Affiant

_____

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON _____, 20___.

## AFFIDAVIT OF SERVICE

State of Texas      County of Harrison      71st Judicial District Court

Case Number: 17-0326

Plaintiff:
**Ironshore Europe DAC**

vs.

Defendant:
**Schiff Hardin, LLP**

For:
Parsons McEntire McCleary & Clark, PLLC
1300 Post Oak Blvd.
24th Floor
Houston, TX 70056

Received by Kim Tindall & Associates, Inc. on the 24th day of April, 2017 at 11:48 am to be served on **Schiff Hardin, LLP by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, TX 78701.**

I, Tim Ramsey, being duly sworn, depose and say that on the **24th day of April, 2017 at 3:04 pm, I:**

delivered to REGISTERED AGENT by delivering a true copy of the **Citation and Plaintiff's Original Petition; Plaintiff Ironshore's Requests for Admissions and Interrogatories to Defendant Schiff Hardin, LLP; and Plaintiff Ironshore's Requests for Production of Documents to Defendant, Schiff Hardin, LLP** with the date of service endorsed thereon by me, to: **Van Tracy, Corporation Service Company as Authorized Agent** at the address of: **211 E. 7th Street, Ste. 620, Austin, TX 78701** on behalf of **Schiff Hardin, LLP**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered. The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 24th day of April, 2017 by the affiant who is personally known to me.

NOTARY PUBLIC

NICOLE M. HYBNER
My Notary ID # 129086987
Expires August 9, 2020

Tim Ramsey
SCH-11266, Exp 12/31/17

Kim Tindall & Associates, Inc.
16414 San Pedro
Suite 900
San Antonio, TX 78232
(210) 697-3400

Our Job Serial Number: MST-2017003518
Ref: Ironshore Europe DAC

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1e