IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IRONSHORE EUROPE DAC | § § § | |
| *Plaintiff* | § § | |
| v. | § § | No. 2:17-cv-431 |
| SCHIFF HARDIN LLP | § § § | |
| *Defendant* | § | |

**IRONSHORE EUROPE DAC'S MOTION TO COMPEL**

Plaintiff, Ironshore Europe DAC ("Ironshore"), files this motion to compel based on Defendant, Schiff Hardin LLP's ("Schiff"), failure to properly and completely respond to its discovery obligations, as well as Schiff's failure to submit an appropriate privilege log.

**1.   SUMMARY OF MOTION.**

Following removal of this case from state district court in Harrison County, Ironshore filed its First Amended Complaint on June 26, 2017, asserting that Schiff is liable based upon negligent misrepresentations. (Doc. 10.) On July 26, 2017, the Court entered a Docket Control Order (Doc. 21.) and a Discovery Order (Doc. 23). Pursuant to the Docket Control Order, the deadline to file motions to compel regarding discovery disputes is November 23, 2017, which rolls over to November 24, 2017, because of a legal holiday.[1] This motion is timely.

---

[1] There are several pending motions. Schiff's Motion to Dismiss Amended Complaint, which is opposed, and to which a Response, a Reply and a Sur-Reply have been filed, remains pending. Schiff's unresolved Motion for Protection regarding its duty to provide a privilege log is also pending. Ironshore also opposes this Motion. Ironshore reserves it right to file an additional motion to compel once provided a meaningful privilege log as required under the Court's Orders and the rules. To date, Ironshore has not had an opportunity to assess Schiff's privilege assertions because Schiff has not provided a proper privilege log.

1

Through this current motion, Ironshore seeks an order compelling Schiff's compliance in three areas of discovery: (i) responses to requests for admissions; (ii) answers to questions during a deposition; and (iii) submission of an appropriate privilege log, as follows:

- Ironshore timely initiated written discovery. Following a discovery conference, Schiff served amended objections and responses to requests for admissions and interrogatories. Nevertheless, certain objections asserted by Schiff to requested admissions are still improper and certain responses remain deficient;

- A Schiff-affiliated witness, Jonathan Judge, refused to answer several questions during deposition based upon the so-called "mediation privilege." However, as set forth below, that privilege is inapplicable to certain questions posed to Mr. Judge; and

- Schiff failed to submit an appropriate privilege log. Schiff's "privilege log" did not comply with the Court's orders or the applicable rules.[2] Ironshore needs an appropriate privilege log to properly assess the assertions of privilege.

Counsel for the parties conferred in good faith on November 20, 2017, in an attempt to resolve the matters set forth in this motion; however, they were not successful. Accordingly, Ironshore files this motion.[3]

**3.     ARGUMENTS AND AUTHORITIES.**

    **A.     Schiff should be compelled to fully respond to Ironshore's Written Discovery.**

On July 14, 2017, Ironshore served *Plaintiff Ironshore's Requests for Admissions and Interrogatories to Defendant Schiff, LLP* upon Schiff. On August 14, 2017, Schiff served its

---

[2] Schiff filed a Motion for Protection concerning the privilege log on September 24, 2017. (Doc. 34.) Ironshore filed a response in opposition to Schiff's Motion for Protection and a Sur-Reply to Schiff's Reply. (*See* Docs. 35, 36, and 37). Thus, this issue has been fully-briefed and is currently before the Court. However, given the pending deadline to file motions to compel, and in an abundance of caution, Ironshore seeks relief related to Schiff's privilege log through this Motion to Compel, and reserves it rights to file a new motion to compel once an appropriate privilege log has been furnished.

[3] Schiff is asserting that certain discovery responses at issue in this motion are "Confidential" under the Court's Protective Order, including responses to requested admissions and Jonathan Judge's deposition testimony. Ironshore disputes this global assertion and reserves its rights accordingly. The parties have agreed that the disputed discovery need not be submitted pursuant to a separate motion to seal. The disputed discovery is marked "Confidential" for purposes of this Motion subject to a full reservation of rights to challenge the designation.

answers and objections to Ironshore's interrogatories, as well as its responses and objections to Ironshore's requested admissions. After a conference between the parties, and following a letter from Ironshore's counsel dated August 15, 2017 detailing the deficiencies in Schiff's objections and responses, Schiff subsequently served amended responses on August 24, 2017. Despite these amendments, certain objections asserted by Schiff are unwarranted and certain responses remain deficient.

    1.    Schiff's Objections and Answers to Ironshore's Requests for Admission are Improper and Insufficient.

Rule 36 permits requesting parties to move to determine the sufficiency of an answer or objection to a request for admission. Fed. R. Civ. P. 36(6). "Unless the court finds an objection justified, it must order that an answer be served." *Id.* Likewise, "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.*

Request No. 15 requests Schiff to "[a]dmit that Schiff failed to disclose to Ironshore before trial at least two (2) pre-trial Orders in the Underlying Lawsuit [Doc. 149 and 150] containing rulings damaging to Schiff's defense of Dorel." Schiff asserted a myriad of ill-founded objections, and then failed to answer the request, stating that it "[is] currently without information to determine whether it brought those orders, which were and are publicly available, to Ironshore's attention." *See* Ex. 1.

Schiff could have "assert[ed] lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). However, Schiff failed to confirm it made a reasonable inquiry and that the information it knows or can readily obtain was insufficient for it to admit or deny. In similar cases, courts have

3

determined the request should be deemed admitted. *See Brown v. Arlen Mgmt.*, 663 F.2d 575, 578-79 (5th Cir. 1981). Thus, Ironshore requests the Court overrule Schiff's invalid objections and order that Request No. 15 be deemed admitted. Alternatively, Ironshore requests Schiff be ordered to properly answer the request without objection.

Schiff's objections to several other requests are also improper and should be overruled. For example, Request No. 3 asked Schiff to "[a]dmit that when providing information to Ironshore about the Underlying Lawsuit, Schiff knew it should exercise reasonable care to provide the whole truth, disclose all information required to make any incomplete report non-misleading, and disclose any new information making prior information false or misleading." Ironshore's request clearly seeks discoverable information. However, Schiff's response is hidden behind a litany of invalid objections. *See* Ex. 2. Similar abusive objections were made to other requests as well. Ironshore requests the Court overrule Schiff's invalid objections and order Request No. 3 admitted. Alternatively, Schiff should be ordered to respond to this request without inappropriate objection.

**C.     Jonathan Judge should be compelled to answer questions during his deposition.**

Pursuant to Rule 37, a party seeking discovery may move for an order compelling an answer if, among other things, a deponent fails to answer a question asked under Rule 30. Fed. R. Civ. P. 37(a)(3)(b)(i).

On October 17, 2017, Ironshore took the deposition of Jonathan Judge ("Judge"), who is a partner at Schiff. During the deposition, Judge was instructed, and he himself unilaterally decided, not to answer several questions regarding the mediation in *Hinson* on the basis of the "mediation privilege." *See, e.g.,* Ex. 2. Schiff did not specify the basis for this "mediation privilege" during Judge's deposition; however, assuming Schiff intends to rely upon Section 154.073 of the Texas Civil Practice and Remedies Code, that Section is inapplicable here. In pertinent part, Section

4

154.073 provides as follows:

> (a) Except as provided by Subsections (c), (d), (e), and (f), a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.
>
> …
>
> (e) If this section conflicts with other legal requirements for disclosure of communications, records, or materials, the issue of confidentiality may be presented to the court having jurisdiction of the proceedings to determine, in camera, whether the facts, circumstances, and context of the communications or materials sought to be disclosed warrant a protective order of the court or whether the communications or materials are subject to disclosure.

Tex. Civ. Prac. & Rem. Code Ann. § 154.073 (West). Thus, while Texas provides for confidentiality of certain communications by participants in mediations, there are exceptions, and those exceptions apply here.

As Texas courts have explained, "[w]rongful acts are not shielded because they took place during compromise negotiations." *Avary v. Bank of Am., N.A.*, 72 S.W.3d 779, 799 n.4 (Tex. App.—Dallas 2002, pet. denied) (quoting 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5314, main volume and 2000 supplement). Moreover, Rule 408 of the Texas Rules of Evidence, which is similar to Rule 408 of the Federal Rules of Evidence, "does not prevent a party from proving a separate cause of action simply because some of the acts complained of took place during compromise negotiations." *Avary*, 72 S.W.3d 779, 799 & n.4 ; *see also*, *Flood v. Katz*, 294 S.W.3d 756, 763 (Tex. App.—Dallas 2009, pet. denied). In *Avary*, the court concluded that mediation communications were discoverable under both Rule 408 and Section 154.073, stating that "where a claim is based upon a new and independent tort committed in the course of the mediation proceedings, and that tort encompasses a duty to disclose, section

154.073 does not bar discovery of the claim where the trial judge finds in light of the 'facts, circumstances, and context,' disclosure is warranted."

Here, the mediation concerned the *Hinson* matter. *See* Ex. 2. Ironshore discovered after the *Hinson* trial that it had been ordered to attend this mediation. (*See* Amended Docket Control Order from the *Hinson* Case, Doc. 23 at p. 3-4. However, because it was assured by Jonathan Judge that its attendance was not required, Ironshore was not physically present at the mediation.

Ironshore's negligent misrepresentation claims against Schiff are based, in part, on Schiff's breach of its duties to disclose material information relating to the mediation and related settlement discussions. (*See* Doc. 10, ¶ 54.) Ironshore's claim specifically concerns events before, during, and after the mediation in the *Hinson* matter including, without limitation, Schiff's failure to disclose to Ironshore all of the *Hinson* Plaintiffs' settlement offers and a mediator's proposal. (*See Id.* at ¶¶ 25, 48.) Schiff made false and misleading representations regarding the mediation and related negotiations. Thus, the exception to confidentiality recognized under Texas case law is applicable.

Ironshore respectfully requests the Court conduct an *in camera* hearing, rule that Section 154.073 does not bar Mr. Judge's deposition testimony, instruct Schiff not to object based upon the "mediation privilege", and compel Schiff to tender Mr. Judge for further deposition testimony on these topics.

### D. <u>Schiff should be compelled to submit an appropriate privilege log.</u>

The deadline to exchange privilege logs was October 9, 2017. While Schiff served a "privilege log", that document did not comply with the Court's Discovery Order. In pertinent part, the Discovery Order states:

> The parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The privilege logs must be exchanged

by the deadline set in the Docket Control Order.

(Doc. 23, p. 5.) The Discovery Order also provides that "[a]ny party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log." (*Id.*). Here, however, Ironshore is not able to seek an order compelling production of any allegedly privileged documents or information because Schiff refuses to identify documents or information in a manner that allows Ironshore to "assess the applicability of the privilege or protection." Accordingly, Ironshore requests the Court order Schiff to submit a privilege log that complies with the Court's Discovery Order and other applicable rules, and also requests the Court allow Ironshore to file a later motion to compel once it has had an opportunity to "assess applicability of the privilege" as asserted by Schiff.[4]

**4.     CONCLUSION.**

For the foregoing reasons, Ironshore respectfully requests the Court grant Ironshore's Motion to Compel and order Schiff Hardin LLP to (i) remove its improper objections and answer Ironshore's written discovery consistent with this Motion; (ii) tender Jonathan Judge for deposition on the questions and topics on which he was incorrectly instructed or refused not to answer; and (iii) submit a privilege log that identifies specific documents.

---

[4] Ironshore refers to and incorporates its briefing in its Response and Sur-Reply in opposition to Schiff's Motion for Protective Order as if fully set forth verbatim herein.

Respectfully submitted,

　*/s/ Sawnie A. McEntire*
Sawnie A. McEntire
State Bar No.13590100
smcentire@pmmclaw.com
Robert M. Rosen
State Bar No. 24060520
rrosen@pmmclaw.com
PARSONS MCENTIRE MCCLEARY & CLARK PLLC
1700 Pacific Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

AND

Jeffrey R. Parsons
State Bar No. 15547200
jparsons@pmmclaw.com
Angela R. Webster
State Bar No. 24066009
awebster@pmmclaw.com
One Riverway, Suite 1800
Houston, TX 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

**ATTORNEYS FOR PLAINTIFF, IRONSHORE EUROPE DAC**

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Ironshore Europe DAC has complied with the meet and confer requirement in Local Rule CV-7(h) and counsel for Schiff Hardin LLP is opposed to this motion. Counsel conducted personal conferences, including a telephone discussion on November 20, 2017, and no agreement could be reached because the parties have reached an impasse on the issues in this motion. Accordingly, this motion is submitted to the Court for its consideration.

                                            */s/ Sawnie A. McEntire*
                                            Sawnie A. McEntire

**CERTIFICATE OF SERVICE**

I certify that on the 24th day of November, 2017, a true and correct copy of the foregoing instrument was served on all counsel of record in accordance with the Federal Rules of Civil Procedure:

| | |
|---|---|
| Mr. George M. Kryder | Email: gkryder@velaw.com |
| Mr. Matthew W. Moran | Email: mmoran@velaw.com |
| Ms. Melissa L. James | Email: mjames@velaw.com |
| Mr. Jeremy M. Reichman | Email: jreichman@velaw.com |
| VINSON & ELKINS | |
| 2001 Ross Avenue, Suite 3700 | |
| Dallas, TX  75201 | |

                                            */s/ Sawnie A. McEntire*
                                            Sawnie A. McEntire