| From: | Jeffrey R. Parsons <OEXCH083/Exchange Administrative Group (FYDIBOHF23SPDLT)/Recipients/1d31eb1235d1465894aab9fe74795c2 5-jparsons> |
|---|---|
| Sent: | 7/25/2016 3:14:20 PM +0000 |
| To: | "Judge, Jonathan" <jjudge@schiffhardin.com> |
| CC: | John Reusch <John.Reusch@ironshore.com>; Michelle Anderson <Michelle.Anderson@ironshore.com> |
| Subject: | Re: Hinson - Appellate Issues Mediation Letter.DOC |

Dear Jon,

I have reviewed your draft summary letter to the mediator. Pursuant to your request, I offer the following suggestions:

1) The letter should be addressed to both mediators;

2) In the "History of Settlement Offers" section, you should include the fact that the plaintiff offered to settle with Dorel pre-trial for $3.5 million. This is an important fact regarding the plaintiff's valuation of their claims against Dorel and should give the mediators leverage in negotiations.

3) In the "Disputed appellate issues" section, you should preface the points of error as follows: "Defendants will file a motion for new trial raising various points of error in addition to the following points" Also, please consider leading with point 2 and rephrasing as follows: 1. "Is Dorel entitled to judgment as a matter of law because there was insufficient evidence on two essential elements: foreseeability and that the product was unreasonably dangerous absent further warning."

4) In the "Points that Enhance Defendant's Chance . . ." section, please consider prefacing the three principal points with the following brief introduction:

"Three factors ensure that this case will receive great scrutiny at the Fifth Circuit: a) the very large judgment; b) the big punitive damages award; and c) Plaintiff's novel theory of liability lacking viable evidentiary support. Plaintiff's case at trial rested solely upon Plaintiff's unsupported claim that Dorel's front-facing child car seat was unreasonably dangerous without the warning suggested by Plaintiff counsel - - no child under age 2 should use the seat.

Plaintiff's novel liability claim stands in stark contrast to the trial record: 1) Plaintiff called no design expert to testify that Dorel's "Summit" seat was unreasonably dangerous for children under age 2; 2) Plaintiff called no warnings expert to testify that the Summit seat was unreasonably dangerous without the warning suggested by Plaintiff's counsel; 3) it was undisputed that Dorel had manufactured 2 million Summit seats before the one at issue, and not one child had suffered any spine injury; 4) it was undisputed that at the time other car manufacturers made front facing seats and not a single manufacture gave the warning suggested by Plaintiff's counsel; and 5) Plaintiff rested its warning claim solely upon evidence that researchers recommended that rear-facing seats are statistically safer than front-facing seats for children under age 2 (and Dorel supported the recommendation). But, the fact that front-facing seats may be statistically safer than rear facing is not evidence that Dorel's Summit seat was unreasonably dangerous for children under age 2 or unreasonably dangerous without the warning suggested by Plaintiff's counsel.

In sum, Dorel believes that the Fifth Circuit will closely scrutinize Plaintiff's judgment. Dorel has raised the following points with the trial court and will raise others in a motion for new trial."

I hope that the foregoing comments are helpful to you.

Regards,

Jeff

Jeffrey R. Parsons
Parsons McEntire McCleary & Clark PLLC
1300 Post Oak Blvd., Ste. 2300
Houston, TX 77056

**Exhibit A-10**

IRONSHORE0004258

Tel. (713) 960-7302
Fax (214) 960-1527
www.jmmclaw.com

*This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.*

**From:** Judge, Jonathan
**Sent:** Sunday, July 24, 2016 10:25 AM
**To:** Jeffrey Parsons - Beirne, Maynard & Parsons (jparsons@bmpllp.com)
**Subject:** Hinson – Appellate Issues Mediation Letter.DOC

Jeff,

Attached is our draft position letter to the mediator. Could I please hear back from you tomorrow with any additions?

Jonathan

**Jonathan Judge**
Partner

vCard
View Bio

Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606

t 312.258.5587
f 312.258.5600
e _____
w _____

---------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
---------------------------------------------------------------

IRONSHORE0004259