

Jeffrey T. Embry
Board Certified-Personal Injury Trial Law
Email: jeff@hossleyembry.com

April 6, 2016

*Via email*
Mr. Jonathan Judge
Schiff Hardin LLP
233 S. Wacker Drive, Ste. 6600
Chicago, IL 60606

          **CONFIDENTIAL – RULE 408 COMMUNICATION**
          Re:    Hinson v. Dorel Juvenile Group

Dear Jonathan:

      I am writing for purposes of making a pre-mediation demand in the above-referenced case. As you know, I represent ▮▮▮▮▮▮▮ via his Next Friend, Nicole Hinson. My clients allege that the Safety 1st Summit Deluxe car seat was not safe for children ▮▮▮'s age – he was only 14 months old when the seat was purchased, and 22 months old at the time of the incident.

      The evidence in this case is quite clear that in the early 2000's, research in the child restraint community was documenting that children younger than two years old were highly susceptible to spinal cord injuries when riding in a forward-facing car seat. By 2009, the leading medical group addressing these issues, the American Academy of Pediatrics (AAP), issued new recommendations to the car seat community that children should remain in rear-facing seats until they reach at least two years old. The AAP was hardly on the cutting edge with this recommendation, as these issues were universally accepted in the medical community. In the early 2000's, Sweden went as far as adopting a law requiring that children remain rear-facing in a car seat until age four. Discovery in this case has revealed internal Dorel emails wherein their upper management discussed how they agreed the Swedish approach was appropriate to protect children. Finally, by 2010-11 the AAP formally adopted new guidelines clearly stating that children under two years old should be placed rear-facing in order to provide support for their head and spine in frontal collisions – by far the most frequent type of crash.

      Dorel's own internal documents and emails have confirmed that by 2010 and 2011 the company executives were aware that children younger than two years old were 75% more likely to suffer serious injuries or death if they were riding forward-facing as opposed to rear-facing. In fact, we have uncovered Dorel executive emails to their own children advising them to keep their kids rear facing to avoid this serious risk. Dorel holds itself out as a company with the upmost concern for safety. As a part of that effort, Dorel issued videos to the public explaining the importance of keeping children rear-facing until at least age two, stating it is "five times safer to keep [children] rear facing." However, when marketing their forward-facing seats, Dorel chose to omit any such warnings.

320 S. Broadway, Suite 100, Tyler, Texas 75702
Phone 903.526.1772 • Fax 903.526.1773 • www.hossleyembry.com

TYLER • DALLAS

Exhibit A-14

IRONSHORE__0000282

Hinsons. Interestingly, Dorel's new car seats *do* contain the recommendation that children younger than two years old cannot be in forward-facing seats. We believe the evidence in this case allows us to tell a compelling story to a Marshall jury.

I certainly understand there is risk that a jury will not find in the Plaintiffs' favor and there is also risk that there could be fault apportioned to Ms. Tilley for crossing the center-line and perhaps Ms. Hinson for her purported "misuse." However, in no event will ▋▋▋▋▋'s recovery be barred by any contributory negligence on his own behalf. I also understand that Dorel would be entitled to a $4,500,000 settlement credit related to the Wal-Mart case. However, even taking all those factors into account, I am authorized to make a demand of $7,000,000 to resolve any and all claims Plaintiffs may have against Dorel. This demand will expire at the conclusion of the upcoming mediation.

I will see you at the mediation.

Very truly yours,



Jeff Embry