```
 1              IN THE UNITED STATES DISTRICT
 2          FOR THE EASTERN DISTRICT OF TEXAS
 3                  MARSHALL DIVISION
 4
 5
 6   IRONSHORE EUROPE DAC,        )
                                  )
 7            Plaintiff,          )
                                  )
 8      vs.                       ) No. 2:17-cv-431
                                  )
 9   SCHIFF HARDIN LLP,           ) Jury
                                  )
10                                )
              Defendant.          )
11
12
13       THE VIDEOTAPED RULE 30(b)(6) DEPOSITION OF
                       JONATHAN JUDGE
14               December 11th, 2017
                     9:30 A.M.
15
16         Called as a witness by the Plaintiff
17   herein, pursuant to the provisions of the Federal Rules
18   of Civil Procedure pertaining to the taking of
19   depositions for the purpose of discovery, before GLORIA
20   APOSTOLOS, C.S.R., License #084-001205, qualified and
21   commissioned for the State of Illinois.
22
23
24
25
```

Jonathan Judge - December 11, 2017

### 125

1  upon your reflection of your duties under Texas law?
2     A   I did not make a decision not to send that
3  particular decision to Michelle Anderson, so the
4  question is not applicable.
5     Q   I thought you told us last time that you made
6  the decision not to send it to her because she never
7  asked for it?
8     A   No.  The way your question was phrased, you
9  were asking me whether I looked at the case and I said,
10 you know what, I am declining to send this to Michelle
11 Anderson, and that never happened.  I never sat there
12 and said you know, maybe I should send this to her,
13 maybe I shouldn't, and then I just didn't.  I did not
14 send it to her because it did not occur to me, because
15 she had not requested any of these materials.
16    Q   So if she didn't specifically request a
17 specific document, you did not send it to her?
18    A   That's correct, because that's what, in my
19 experience, competent claims handlers do.
20    Q   I'm not talking about competent claim
21 handlers; I'm talking about you as a lawyer.  You as a
22 lawyer made the decision that even though your prior
23 communications might be false or misleading, you were
24 not going to send additional information to Michelle
25 Anderson, unless she specifically asked for it?  Is

### 126

1  that your testimony?
2     MR. KRYDER:  Objection, form.
3     THE WITNESS:  Nope.  Nope, that is a false
4  statement.
5  BY MR. McENTIRE:
6     Q   Do you think these are frivolous questions?
7     A   I really don't know how to answer that.
8     Q   Try.
9     A   I don't have any comment.  Sorry.
10    Q   Directing your attention to topic matter
11 Number 15 on Exhibit Number 1.  "Whether Schiff ever
12 advised Ironshore that Schiff would not provide
13 information to Ironshore regarding the underlying
14 lawsuit unless Ironshore specifically requested such
15 information."
16        I want to make sure that I understand
17 Schiff Hardin's position in this case.
18        Is it Schiff Hardin's position in this
19 case that it would not supply Ironshore with
20 information regarding the underlying lawsuit unless
21 Ironshore specifically requested that information?
22    A   Yes.  Well, wait a minute.
23        Did you ask whether we advised them of
24 that, or whether that was our position?
25    Q   Whether that's your position.

### 127

1     A   Yes.
2     Q   Is there any testimony in your prior
3  deposition -- when did you say you read it, on Friday?
4     A   Over the weekend.
5     Q   Over the weekend.
6         So this is Monday, so you basically read
7  it Saturday and Sunday?
8     A   Yeah.
9     Q   Is there anything in there that you would
10 like to change?  Anything that jumped out at you as an
11 error or testimony you want to change?
12    MR. KRYDER:  Objection, form.
13    THE WITNESS:  There was one aspect that in reading
14 through it, I realized we were not necessarily talking
15 about the same thing.
16        You asked at one point when we were
17 discussing the traumatic brain injury and damages
18 assessment, whether we had any Medical Doctor testify
19 at trial, and I answered no and was thinking of in
20 terms of treating physicians, neurologists, TBI, things
21 like that.  And in fact, we did have a Medical Doctor
22 obviously testify at trial, and she did discuss the
23 causation of the brain injury.  So that is I guess one
24 clarification I would make.
25        That was the only substantive thing that I

### 128

1  missed.
2     Q   Okay.  You're referring to Dr. Gwin?
3     A   Yes.
4     Q   A doctor of osteopathy with BRC?
5     A   Among other things, yes.
6     Q   And she's a biomechanic?  Well, she served as
7  a biomechanic in the case?
8     MR. KRYDER:  Objection, form.
9     THE WITNESS:  That was one of her roles, yes.
10 BY MR. McENTIRE:
11    Q   And she never -- we understand, again, I
12 don't want to have to go back over the trial on the
13 same ground.  She never had an opportunity to actually
14 meet with C.H., evaluate him personally, did she?
15    A   No.  That's not relevant to what she does.
16    Q   Okay.  Well, I'm not asking you whether it
17 was relevant or not, I'm just asking you whether it
18 happened?
19    A   She does not do that.  That's right.
20    Q   She doesn't do that.  So whatever testimony
21 she provided was without the benefit of actually having
22 the opportunity to evaluate him?
23        She's not a neurologist, she's not a
24 psychotherapist, she's not a psychiatrist, correct?
25    A   Well, that's a multi-part question.

1  STATE OF ILLINOIS    )
                        ) SS.
2  COUNTY OF DU PAGE    )

3          I, GLORIA APOSTOLOS SIOLIDIS, C.S.R., in
4  and for the State of Illinois do hereby certify that
5  JONATHAN JUDGE was first duly sworn by me to testify
6  the truth; that the above deposition was recorded in
7  shorthand and reduced to typewriting by me; that the
8  deposition is a true, correct and complete transcript
9  of the entire testimony given by the said witness at
10 the time and place hereinabove set forth, and that
11 signature is hereby reserved by said witness.
12         I further certify that I am not counsel for, nor
13 in any way related to any of the parties to this suit,
14 nor am I in any way interested in the outcome thereof.
15         In witness hereof, I have hereunto set my hand and
16 affixed my Notarial Seal this 12th day of December,
17 A.D., 2017.
18
19                  _____
20                  GLORIA APOSTOLOS SIOLIDIS
                    CSR License #084-0001205
21
22
23
24
25